| | |
|---|---|
| ANNE E. LOPEZ | 7609 |
| Attorney General of Hawai'i | |
| | |
| KALIKO'ONĀLANI D. FERNANDES | 9964 |
| Solicitor General of Hawai'i | |
| LAUREN K. CHUN | 10196 |
| THOMAS J. HUGHES | 11059 |
| CAITLYN B. CARPENTER | 11928 |

Deputy Solicitors General
Department of the Attorney
  General, State of Hawai'i
425 Queen Street
Honolulu, Hawai'i 96813
Telephone: (808) 586-1360
Email: lauren.k.chun@hawaii.gov
       thomas.j.hughes@hawaii.gov
       caitlyn.b.carpenter@hawaii.gov

Attorneys for STATE OF HAWAI'I;
JOSHUA BOOTH GREEN, Governor of Hawai'i
in his official capacity; and ANNE E. LOPEZ,
in her official capacity as Hawai'i Attorney General

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL NO. 1:25-CV-00179-HG-WRP |
| Plaintiff, | |
| vs. | **DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; CERTIFICATE OF SERVICE** |
| STATE OF HAWAII; JOSHUA BOOTH GREEN, Governor of Hawaii, in his official capacity; and ANNE E. LOPEZ, in her official capacity as Hawaii Attorney General, | |
| Defendants. | No Trial Date |

## DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants State of Hawai'i, Governor Joshua Booth Green, and Attorney General Anne E. Lopez (collectively, the "State") answers the April 30, 2025 Complaint for Declaratory and Injunctive Relief, ECF No. 1, as follows:

1. With respect to Paragraph 1, Executive Order 14260 speaks for itself. As to the remaining allegations, the State lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, those allegations are denied.

2. With respect to Paragraph 2, Executive Order 14156 speaks for itself.

3. With respect to Paragraph 3, the State lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, those allegations are denied.

4. With respect to Paragraph 4, the State admits that it filed a lawsuit against fossil fuel companies. The remainder of Paragraph 4 is denied.

5. With respect to Paragraph 5, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

6. With respect to Paragraph 6, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

7. With respect to Paragraph 7 and footnote 1, this paragraph and this footnote set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. The remainder of Paragraph 7 and footnote 1 is denied.

8. With respect to Paragraph 8, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

9. With respect to Paragraph 9, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

10. With respect to Paragraph 10, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

11. The State admits Paragraph 11.

12. The State admits Paragraph 12.

13. The State admits Paragraph 13.

14. With respect to Paragraph 14, the State admits that it filed a lawsuit against fossil fuel companies. The remainder of Paragraph 14 is denied.

15. With respect to Paragraph 15, the authorities referenced speak for themselves.  The remaining allegations set forth assertions that present legal

conclusions and questions of law to be determined solely by the Court, to which no answer is required.

16. With respect to Paragraph 16, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

17. With respect to Paragraph 17, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

18. With respect to Paragraph 18, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

19. With respect to Paragraph 19, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

20. With respect to Paragraph 20, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal

conclusions and questions of law to be determined solely by the Court, to which no answer is required.

21. With respect to Paragraph 21, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

22. With respect to Paragraph 22, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

23. With respect to Paragraph 23, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

24. With respect to Paragraph 24, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

25. With respect to Paragraph 25, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no

answer is required.

26. With respect to Paragraph 26, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

27. With respect to Paragraph 27, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

28. With respect to Paragraph 28, the State incorporates by reference the answers to all previous paragraphs as set forth herein.

29. With respect to Paragraph 29, the Constitution speaks for itself.

30. With respect to Paragraph 30, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

31. The State denies Paragraph 31.

32. With respect to Paragraph 32, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no

answer is required.

33. With respect to Paragraph 33, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

34. With respect to Paragraph 34, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. The remainder of Paragraph 34 is denied.

35. The State denies Paragraph 35.

36. With respect to Paragraph 36, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

37. The State denies Paragraph 37.

38. With respect to Paragraph 38, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. The remainder of Paragraph 38 is denied.

39. The State denies Paragraph 39.

40. The State denies Paragraph 40.

41. The State denies Paragraph 41.

42. With respect to Paragraph 42, the State incorporates by reference the answers to all previous paragraphs as set forth herein.

43. The State denies Paragraph 43.

44. The State denies Paragraph 44.

45. With respect to Paragraph 45, the Constitution speaks for itself. Otherwise, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

46. With respect to Paragraph 46, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

47. With respect to Paragraph 47, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

48. With respect to Paragraph 48, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

49. With respect to Paragraph 49, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

50. The State denies Paragraph 50.

51. The State denies Paragraph 51.

52. The State denies Paragraph 52.

53. The State denies Paragraph 53.

54. The State denies Paragraph 54.

55. With respect to Paragraph 55, the State incorporates by reference the answers to all previous paragraphs as set forth herein.

56. With respect to Paragraph 56, the Constitution speaks for itself.

57. With respect to Paragraph 57, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

58. The State denies Paragraph 58.

59. The State denies Paragraph 59.

60. The State denies Paragraph 60.

61. With respect to Paragraph 61, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the

Court, to which no answer is required. The remainder of Paragraph 61 is denied.

62. The State denies Paragraph 62.

63. The State denies Paragraph 63.

64. The State denies Paragraph 64.

65. With respect to Paragraph 65, the State incorporates by reference the answers to all previous paragraphs as set forth herein.

66. With respect to Paragraph 66, the Constitution speaks for itself.

67. With respect to Paragraph 67, the Constitution speaks for itself.

68. With respect to Paragraph 68, the authorities referenced speak for themselves. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

69. With respect to Paragraph 69, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

70. The State denies Paragraph 70.

71. With respect to Paragraph 71, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. The remainder of Paragraph 71 is denied.

72. The State denies Paragraph 72.

73. With respect to Paragraph 73, the State incorporates by reference the answers to all previous paragraphs as set forth herein.

74. With respect to Paragraph 74, the Constitution speaks for itself.

75. With respect to Paragraph 75, the Constitution speaks for itself. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

76. With respect to Paragraph 76, the Constitution speaks for itself.

77. With respect to Paragraph 77, the Constitution speaks for itself.

78. With respect to Paragraph 78, the Constitution speaks for itself.

79. With respect to Paragraph 79, the Constitution speaks for itself.

80. With respect to Paragraph 80, the authority referenced speaks for itself. The remaining allegations set forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

81. With respect to Paragraph 81, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

82. The State denies Paragraph 82.

83. With respect to Paragraph 83, this paragraph sets forth assertions that

present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

84. The State denies Paragraph 84.

85. The State denies Paragraph 85.

86. With respect to Paragraph 86, this paragraph sets forth assertions that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

87. The State denies Paragraph 87.

88. The State denies Paragraph 88.

89. The State denies any and all allegations not expressly admitted herein to which a response is deemed required.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the Court's lack of subject matter jurisdiction.

3. Plaintiff's claims in this action are barred in that they do not have standing to bring them.

4. Plaintiff fails to allege an injury-in-fact that is concrete, particularized, and actual or imminent or that is fairly traceable to the State's challenged conduct.

5. Plaintiff's claims are unripe for judicial review.

6. Under the Eleventh Amendment to the Constitution of the United States and principles of state sovereign immunity, the State is immune from suit in federal court on Plaintiff's claims.

7. Plaintiff's claims are barred by the doctrine of res judicata.

8. The State's state-court lawsuit is not preempted by the Clean Air Act.

9. The State's state-court lawsuit does not impose extraterritorial regulation of greenhouse gas emissions and does not violate the Constitution.

10. The State's state-court lawsuit does not violate the Interstate Commerce Clause.

11. The State's state-court lawsuit does not violate the Foreign Commerce Clause.

12. The State's state-court lawsuit does not interfere with the United States' foreign policy on greenhouse gas regulation, and is not preempted.

13. The State intends to rely on the doctrine of abstention.

14. There is neither factual nor legal support for declaratory, injunctive, or equitable relief.

15. The Court lacks authority to issue the relief sought against the State.

16. The State reserves all rights to assert any affirmative defenses or to rely on any other matter constituting an avoidance pursuant to Rule 8(c) of the

Federal Rules of Civil Procedure and to seek leave to amend the Answer to allege any such defenses and to assert any other defenses, claims and counterclaims as discovery and the evidence may merit.

      WHEREFORE, the State respectfully requests as follows:

      1.     That the Court enter judgment in favor of the State;

      2.     That the State be awarded costs incurred in defending this action; and

      3.     That the Court grant all further relief in law and equity to which the State is entitled.

      DATED:    Honolulu, Hawai'i, June 30, 2025.

/s/ *Thomas J. Hughes*
LAUREN K. CHUN
THOMAS J. HUGHES
CAITLYN B. CARPENTER

Attorneys for Defendants
STATE OF HAWAI'I
JOSHUA BOOTH GREEN
ANNE E. LOPEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF HAWAIʻI; JOSHUA BOOTH GREEN, Governor of Hawaiʻi, in his official capacity; and ANNE E. LOPEZ, in her official capacity as Hawaiʻi Attorney General,<br><br>Defendants. | CASE NO. 1:25-cv-00179-HG-WRP<br><br>**CERTIFICATE OF SERVICE** |
|---|---|

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically through the Court's CM/ECF system or conventionally by mailing copies via US Mail, postage prepaid, upon the following:

>ADAM R.F. GUSTAFSON
>ROBERT N. STANDER
>JUSTIN D. HEMINGER
>Environment and Natural Resources Division
>U.S. Department of Justice
>Post Office Box 7415
>Washington, D.C.  200445
>Telephone:  (202) 514-2689
>Fax: (202) 305-0506
>E-mail:  justin.heminger@usdoj.gov
>
>Attorneys for Plaintiff
>UNITED STATES OF AMERICA

1

DATED: Honolulu, Hawaiʻi, June 30, 2025.

/s/ *Thomas J. Hughes*
THOMAS J. HUGHES

Attorneys for Defendants
STATE OF HAWAIʻI
JOSHUA BOOTH GREEN
ANNE E. LOPEZ

2