| | |
|---|---|
| ANNE E. LOPEZ | 7609 |
| Attorney General of Hawaiʻi | |
| | |
| KALIKOʻONĀLANI D. FERNANDES | 9964 |
| Solicitor General of Hawaiʻi | |
| LAUREN K. CHUN | 10196 |
| THOMAS J. HUGHES | 11059 |
| CAITLYN B. CARPENTER | 11928 |

Deputy Solicitors General
Department of the Attorney
 General, State of Hawaiʻi
425 Queen Street
Honolulu, Hawaiʻi 96813
Tel: (808) 586-1360
E-mail: kaliko.d.fernandes@hawaii.gov
           lauren.k.chun@hawaii.gov
           thomas.j.hughes@hawaii.gov
           caitlyn.b.carpenter@hawaii.gov

Attorneys for Defendants STATE OF HAWAIʻI;
JOSHUA BOOTH GREEN, Governor of Hawaiʻi
in his official capacity; and ANNE E. LOPEZ,
in her official capacity as Hawaiʻi Attorney General

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1-25-cv-00179-HG-WRP |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST MOTION FOR EXTENSION OF TIME (ECF NO. 25); DECLARATION OF LAUREN K. CHUN; CERTIFICATE OF SERVICE** |
| v. | |
| STATE OF HAWAIʻI; JOSHUA BOOTH GREEN, Governor of Hawaiʻi, in his official capacity; and ANNE E. LOPEZ, in her official capacity as Hawaiʻi Attorney General, | |

Defendants.

# DEFENDANTS' RESPONSE TO PLAINTIFF'S
# FIRST MOTION FOR EXTENSION OF TIME (ECF NO. 25)

Defendants STATE OF HAWAIʻI; JOSHUA BOOTH GREEN, Governor of Hawaiʻi, in his official capacity; and ANNE E. LOPEZ, in her official capacity as Hawaiʻi Attorney General (collectively, "State") respectfully OPPOSE Plaintiff's First Motion for Extension of Time filed on August 22, 2025 (ECF No. 25), and request that the Court maintain the briefing schedule set by the Minute Order entered on July 28, 2025 (ECF No. 23).

First, Plaintiff's Motion is in violation of Local Rule 7.8, which requires a conference to discuss the motion and any potential resolution "at least seven (7) days prior to the filing of the motion." Plaintiff did not request a Rule 7.8 conference until August 21, 2025, only one day before filing its Motion. Chun Decl. at ¶10.

Second, Plaintiff's request for an extension of time only one business day before its Opposition to the State's Motion for Judgment on the Pleadings is due is not justified. While the parties had been in discussion regarding a possible briefing schedule for the filing of dispositive motions, on July 18, 2025 – a week before the State even filed its Motion – counsel for the State communicated to Plaintiff's counsel that the State would prefer to file its dispositive motion and see what dates

1

were set by the Court.  Chun Decl. at ¶3.  The State filed its Motion on July 25, 2025, and on July 28, 2025, the Court issued its Minute Order setting an August 25, 2025 deadline for an Opposition.  On July 31, 2025, Plaintiff's counsel proposed another briefing schedule, but counsel for the State declined the proposal on August 6, 2025 – 16 days ago – indicating that the State would prefer to keep the deadlines set by the Court given an order that had entered staying the state court proceedings.  *Id.* at ¶7.  Thus, Plaintiff has had ample time to evaluate its ability to meet the August 25, 2025 deadline and to request an extension earlier.

Third, delaying the resolution of the State's Motion for Judgment on the Pleadings will prejudice the State.  As Plaintiff indicated, the Circuit Court of the First Circuit, State of Hawaiʻi, has entered an order staying proceedings in *State of Hawaiʻi v. BP P.L.C.*, Civil No. 1CCV-25-0000717 (JJK) pending disposition of the State's Motion for Judgment on the Pleadings in this action.  ECF 25-2 at 5.  The stay will dissolve 31 days after the entry of an appealable order by this Court, assuming no appeal is taken.  *Id.*  Even if an appeal is taken, the State expects that if judgment is entered in the State's favor in this case, that would constitute a significant development the Circuit Court would consider in the State's favor in determining whether to lift the stay.  The State thus strongly opposes any delay in the resolution of its Motion for Judgment on the Pleadings because such a delay

would further deprive the State of a state court forum to litigate its state law claims.

Finally, while acknowledging Plaintiff's asserted reasons for the request, the State emphasizes that it is Plaintiff who has chosen to litigate these claims against the State rather than allow the defendants in the Circuit Court action to raise their own potential federal defenses in State court. Thus, Plaintiff must be deemed to have accepted the additional burden on its time and resources imposed by this lawsuit and the State's defense. In any event, Plaintiff has not given sufficient reason why an additional 30 days – for a total of 61 days to respond to the State's Motion – is necessary.

For the foregoing reasons, the State respectfully requests that the Court deny Plaintiff's request for an extension of time.

DATED: Honolulu, Hawaiʻi, August 22, 2025.

    /s/ Lauren K. Chun
LAUREN K. CHUN

Attorney for Defendants STATE OF HAWAIʻI; JOSHUA BOOTH GREEN, Governor of Hawaiʻi in his official capacity; and ANNE E. LOPEZ, in her official capacity as Hawaiʻi Attorney General

3