# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | 25-CV-00179 HG-WRP |
| CASE NAME: | United States of America v. State of Hawaii; Joshua Booth Green, Governor of Hawaii, in his official capacity; Anne E. Lopez, in her official capacity as Hawaii Attorney General |
| ATTY FOR PLA: | Justin D. Heminger |
| ATTYS FOR DEFTS: | Kalikoonalani Diara Fernandes<br>Caitlyn B. Carpenter<br>Lauren K. Chun<br>Thomas J. Hughes |

JUDGE: Helen Gillmor

DATE: February 11, 2026

---

Additional briefing is required to address the issues raised in the filings on Defendants' Motion for Judgment on the Pleadings.

**The Court orders briefing on the following issues:**

**(1) Is The Plaintiff United States of America Seeking Leave To Amend The April 30, 2025 Complaint?**

The Complaint in this case was filed on April 30, 2025, a day prior to the State of Hawaii filing its lawsuit in <u>State of Hawaii, ex rel. Anne E. Lopez, Attorney General v. BP P.L.C. et al.</u>, 1CCV-25-0000717, Circuit Court of the First Circuit, State of Hawaii.

In the Complaint, the United States asserts, "[t]he specific theories on which Hawaii would sue are known only to Hawaii, but the goal of the lawsuit is clear—to extract large sums of money from fossil fuel companies for purportedly causing climate change impacts to Hawaii." (Complaint at p. 6, ECF No. 1).

The State of Hawaii Defendants argue that "[w]hen the United States filed its Complaint, it imagined the contours of Hawaii's yet-to-be-filed State Action complaint.  Those prognostications proved incorrect.  The State does not seek to impose strict (or any other) liability on fossil fuel companies for their lawful production and sale of fossil fuels, nor for any entity's lawful emissions."  (Def.'s Reply at p. 8, ECF No. 30).

The United States' Opposition to the Defendants' Motion for Judgment on the Pleadings did not address whether it is requesting leave to amend the Complaint given the content of the complaint filed in the State Action.

Plaintiff shall address the question of leave to amend the Complaint or why it believes amendment is not necessary to address the issues raised in the Defendants' Motion for Judgment on the Pleadings.

### (2)  Effect of City & Cnty. of Honolulu v. Sunoco LP, et al., 537 P.3d 1173 (Haw. 2023)

The Parties shall address the effect of the decision of the Hawaii Supreme Court in City & Cnty. of Honolulu v. Sunoco LP, et al., 537 P.3d 1173 (Haw. 2023), which ruled that the Clean Air Act did not preempt the Hawaii state law tort claims brought in that case against fossil fuel companies.

Does the Rooker-Feldman doctrine, res judicata, or claim preclusion have application to this case?

### (3)  Intervention In Underlying State Action

In their Motion for Judgment on the Pleadings, the State of Hawaii Defendants argue that equity is only available when legal remedies are inadequate.  Defendants assert that "[t]he United States cannot satisfy this prerequisite because it cannot establish that it lacks an adequate remedy at law until it exhausts opportunities to intervene in the State Action."  (Def.'s Motion at pp. 23-24, ECF No. 22-1).

Does the United States intend to seek intervention in the State Action: State of Hawaii, ex rel. Anne E. Lopez,

<u>Attorney General v. BP P.L.C. et al.</u>, 1CCV-25-0000717, Circuit Court of the First Circuit, State of Hawaii?

If intervention is permitted, would the United States be able to seek the equitable relief sought here in the action in State Court?

### (4)  All Writs Act And Declaratory Judgment Act

The State of Hawaii Defendants argue that neither the All Writs Act nor the Declaratory Judgment Act provide a basis for the United States to seek equitable relief. (Def.'s Motion at pp. 21-22 and n. 7, ECF No. 22-1).

The United States does not specifically address the arguments raised by the State of Hawaii Defendants regarding the All Writs Act and the Declaratory Judgment Act in its Opposition.

The United States shall address how these statutes provide the authority for a federal court to grant equitable relief.

### (5)  <u>United States v. Michigan</u>, No. 1:25-CV-496, 2026 WL 194031 (W.D. Mich. Jan. 24, 2026)

The Parties shall explain how the reasoning of the opinion in <u>United States v. Michigan</u>, No. 1:25-CV-496, 2026 WL 194031 (W.D. Mich. Jan. 24, 2026), issued on January 24, 2026, relates to the case before the Court here.

## III. Briefing Schedule

Plaintiff shall file its Supplemental Brief on or before Wednesday, February, 25, 2026.

Defendants shall file their Response on or before Thursday, March 12, 2026.

Submitted by: Renee L.F. Honda, Courtroom Manager