IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civ. No. 25-00179 HG-WRP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| STATE OF HAWAII; JOSHUA BOOTH | ) | |
| GREEN, Governor of the State of | ) | |
| Hawaii, in his official | ) | |
| capacity; ANNE E. LOPEZ, in her | ) | |
| official capacity as Attorney | ) | |
| General of the State of Hawaii, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
(ECF No. 22)**

On April 30, 2025, Plaintiff United States of America

("Plaintiff United States") filed a Complaint in the United

States District Court for the District of Hawaii.  The Complaint

was filed against the following Defendants:

(1)  the State of Hawaii;

(2)  Governor of the State of Hawaii Joshua Booth Green, in
     his official capacity; and

(3)  Attorney General of the State of Hawaii Anne E. Lopez,
     in her official capacity

("State of Hawaii Defendants").

The Complaint seeks declaratory and injunctive relief.

Plaintiff United States seeks to prevent the State of Hawaii

1

Defendants from suing private fossil fuel entities in Hawaii State Court.

On May 1, 2025, the day after Plaintiff United States filed its Complaint here, the State of Hawaii filed a lawsuit against various private fossil fuel entities in Hawaii State Court: <u>State of Hawaii, ex rel. Anne E. Lopez, Attorney General v. BP P.L.C. et. al.</u>, 1CCV-25-0000717, Circuit Court of the First Circuit, State of Hawaii.

In the case before this Court, the State of Hawaii Defendants have filed a Motion for Judgment on the Pleadings. The State of Hawaii Defendants argue that Plaintiff United States lacks standing to bring this lawsuit in Federal Court.

Defendants' Motion for Judgment on the Pleadings (ECF No. 22) is **GRANTED.**

The Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE.**

## PROCEDURAL HISTORY

On April 30, 2025, Plaintiff United States filed the Complaint before this Court.  (ECF No. 1).

On May 1, 2025, the State of Hawaii filed a lawsuit against various private fossil fuel entities in Hawaii State Court in <u>State of Hawaii, ex rel. Anne E. Lopez, Attorney General v. BP P.L.C. et. al.</u>, 1CCV-25-0000717, Circuit Court of the First Circuit, State of Hawaii.  (State Court Complaint, ECF No. 22-2).

2

On July 25, 2025, the State of Hawaii Defendants filed a Motion for Judgment on the Pleadings in the case before this Court.  (ECF No. 22).

On July 28, 2025, this Court issued a briefing schedule in response to the Motion for Judgment on the Pleadings.  (ECF No. 23).

On August 22, 2025, Plaintiff United States filed a Motion for Extension of Time to File Response.  (ECF No. 25).

On the same date, the State of Hawaii Defendants filed an Objection to the Motion for Extension of Time.  (ECF No. 26).

On August 23, 2025, the Court granted Plaintiff United States' Motion for Extension of Time.  (ECF No. 27).

On September 24, 2025, Plaintiff United States filed its Opposition to the State of Hawaii Defendants' Motion for Judgment on the Pleadings.  (ECF No. 29).

On October 22, 2025, the State of Hawaii Defendants filed their Reply.  (ECF No. 30).

On November 6, 2025, the Court issued a Minute Order requesting briefing as to the impact the federal government shutdown had on the proceedings in the case.  (ECF No. 31).

On November 21, 2025, Plaintiff United States filed its Response.  (ECF No. 33).

Also on November 21, 2025, the State of Hawaii Defendants filed their Response.  (ECF No. 34).

3

On November 24, 2025, the Court set a hearing on the Motion for Judgment on the Pleadings for January 27, 2026.  (ECF No. 35).

On January 22, 2026, the Court issued a Minute Order stating that it would be requiring additional briefing from both Parties and vacating the hearing set for January 27, 2026.  (ECF No. 37).

On January 26, 2026, the State of Hawaii Defendants filed a Notice of Supplemental Authorities.  (ECF No. 38).

On February 11, 2026, the Court issued a Minute Order requiring briefing on five separate issues.  (ECF No. 39).

On February 25, 2026, Plaintiff United States filed its Supplemental Brief.  (ECF No. 40).

On March 12, 2026, the State of Hawaii Defendants filed their Supplemental Brief.  (ECF No. 42).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## BACKGROUND

The Complaint before the Court alleges that on April 28, 2025, the State of Hawaii announced its intention to file a lawsuit against private fossil fuel entities.  (Complaint at ¶¶ 4, 14, ECF No. 1).

On April 30, 2025, prior to any lawsuit being filed by the State of Hawaii, Plaintiff United States filed a Complaint in

this Court seeking declaratory and injunctive relief to prevent the State of Hawaii from suing private fossil fuel entities. (Complaint, ECF No. 1).

In its Complaint, Plaintiff United States acknowledged that the "specific theories on which [the State of] Hawaii would sue [the private fossil fuel entities] are known only to [the State of] Hawaii."  (Id. at ¶ 14).

Plaintiff United States' Complaint requests that this Court grant it equitable relief in order to:

(1)   prevent the State of Hawaii from proceeding with a lawsuit against private entities in Hawaii State Court,

(2)   declare that any of the claims brought by the State of Hawaii against the private entities are unconstitutional, and

(3)   award the United States its costs and disbursements for filing the action.

(Id. at p. 31).

On May 1, 2025, the day after Plaintiff United States filed its Complaint in this Court, the State of Hawaii did file a lawsuit in the Circuit Court of the First Circuit, State of Hawaii, against various private fossil fuel entities.[1]

---

[1] See State of Hawaii, ex rel. Anne E. Lopez, Attorney General v. BP P.L.C.; BP America Inc.; BP Products North America Inc.; Chevron Corp.; Chevron USA Inc.; Exxon Mobil Corp.; ExxonMobil Oil Corporation; Shell P.L.C.; Shell USA, Inc.; Equilon Enterprises LLC d/b/a Shell Oil Products US; Shell Trading (US) Company; Sunoco LP; Aloha Petroleum, Ltd.; Aloha Petroleum LLC; ConocoPhillips; ConocoPhillips Company; Phillips 66; Phillips 66 Company; Woodside Energy Hawaii Inc. f/k/a BHP

On July 25, 2025, the State of Hawaii Defendants filed a Motion for Judgment on the Pleadings, seeking judgment in their favor in the case before this Court.

The State of Hawaii Defendants argue that Plaintiff United States lacks standing to bring the suit in this Court. Defendants assert the Complaint contains no concrete injury-in-fact. Defendants also argue that any of the alleged harm to the United States is not caused by conduct of the Defendants.

The State of Hawaii Defendants alternatively request that the Court abstain from adjudicating the case pursuant to the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion brought pursuant to Fed. R. Civ. P. 12(c) is subject to the same standard of review that would be employed had the motion been brought prior to the defendant's answer pursuant to Fed. R. Civ. P. 12(b). Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989); see Ryan v. Salisbury, 382 F.Supp.3d 1031, 1046-47 (D. Haw.

_____

Hawaii Inc.; American Petroleum Institute; and DOES 1-100, Inclusive, 1CCV-25-0000717, Circuit Court of the First Circuit, State of Hawaii; State Court Complaint attached as Ex. A to Def.'s Motion, ECF No. 22-2.

6

2019).

A motion for judgment on the pleadings that challenges standing pursuant to Article III of the United States Constitution implicates subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  See Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011); Stoutt v. Travis Credit Union, 512 F.Supp.3d 1048, 1050 (E.D. Cal. 2021).

Challenges to Article III standing are properly subject to the Fed. R. Civ. P. 12(b)(1) standard because standing pertains to the federal courts' subject-matter jurisdiction even when raised as a motion for judgment on the pleadings.  Chandler v. State Farm Mut. Auto. Inc. Co., 598 F.3d 1115, 1122 (9th Cir. 2010); see Nakajima v. Munakata, Civ. No. 20-00052 JMS-RT, 2021 WL 4944343, *1 (D. Haw. Oct. 22, 2021).

Pursuant to Fed. R. Civ. P. 12(b)(1), a court must dismiss claims over which it lacks subject-matter jurisdiction, including claims for which a plaintiff lacks Article III standing.  Chandler, 598 F.3d at 1121-22.

A plaintiff has the burden of proving that subject-matter jurisdiction exists.  Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  The Court must dismiss any claims for which it lacks subject-matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1); Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir.

7

2012).

A challenge to the Court's subject-matter jurisdiction may be "facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  The State of Hawaii Defendants raise a facial attack in their Motion for Judgment on the Pleadings. In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction.  Id.  A facial challenge therefore mirrors a traditional motion to dismiss analysis.  The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor."  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

## ANALYSIS

The United States of America ("Plaintiff United States") has filed a Complaint against the State of Hawaii, its Governor, and its Attorney General ("State of Hawaii Defendants").

Plaintiff United States' Complaint seeks to prevent the State of Hawaii Defendants from suing private entities in Hawaii State Court.

The State of Hawaii Defendants argue that Plaintiff United States lacks standing to request a federal court to issue an order that would enjoin a State from suing private entities in its own courts.

I.  **ARTICLE III OF THE UNITED STATES CONSTITUTION LIMITS THE FEDERAL COURT'S JURISDICTION**

Article III of the United States Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies."  U.S. Const. art. III, § 2, cl. 1; see Murthy v. Missouri, 603 U.S. 43, 56 (2024).  The "case or controversy" requirement is fundamental to the judiciary's role in our system of government.  Raines v. Byrd, 521 U.S. 811, 818 (1997).  Article III standing serves to prevent the judicial process from being used to usurp the powers of the political branches.  Clapper v. Amnesty Int'l, 568 U.S. 398, 408 (2013).

The federal court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted to the judiciary."  Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).  The party seeking to invoke the federal court's jurisdiction bears the burden of demonstrating standing pursuant to Article III of the Constitution.  Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) ("Spokeo I") (citing FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990)).

II.  **A CHALLENGE TO ARTICLE III STANDING IS A CHALLENGE TO THE FEDERAL COURT'S SUBJECT-MATTER JURISDICTION**

The State of Hawaii Defendants have filed a Motion for

9

Judgment on the Pleadings.  The Defendants' Motion argues that there is no live case or controversy before the Court. Defendants characterize Plaintiff United States' allegations of future harm, based on the State of Hawaii's intention to file a lawsuit against private entities, as abstract, conjectural, and hypothetical.  Defendants assert that Plaintiff lacks Article III standing to bring the lawsuit before this Court.

The State of Hawaii Defendants' Motion challenging standing is analyzed under the 12(b)(1) standard for a motion to dismiss for lack of subject-matter jurisdiction.  <u>Maya v. Centex Corp.</u>, 658 F.3d 1060, 1067 (9th Cir. 2011); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (4th ed. 2008).

Defendants' Motion presents a facial attack to Article III standing.  In analyzing a facial challenge to standing, the Court must accept as true all material allegations of the Complaint. <u>Maya</u>, 658 F.3d at 1068.  The Court may also consider any documents either attached to or incorporated in the Complaint. <u>See</u> <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139-40, 1141 n.5 (9th Cir. 2003).  It is within the trial court's power to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact to support a plaintiff's basis for standing.  <u>Warth v. Seldin</u>, 422 U.S. 490, 501-02 (1975).

10

The plaintiff must "clearly" allege facts demonstrating each element of Article III standing.  Spokeo I, 578 U.S. at 338. Conclusory and vague allegations are insufficient to plead standing.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990) ("Lujan I") (disregarding conclusory allegations of standing in supporting affidavit); Carrico v. City & Cnty. of San Fran., 656 F.3d 1002, 1006 (9th Cir. 2011) (finding conclusory allegations are insufficient to establish standing).

### III. ARTICLE III STANDING REQUIRES INJURY-IN-FACT

The existence of standing turns on the facts as they existed at the time the plaintiff filed the complaint.  Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 838 (9th Cir. 2007).

In order to establish standing, the plaintiff must show that it has suffered, or will suffer an injury-in-fact:

    (1)  that is concrete, particularized, and actual or imminent;

    (2)  that was likely caused by the defendant; and

    (3)  that would likely be redressed by judicial relief.

Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992) ("Lujan II").

#### A.  Standing: Injury-In-Fact

##### 1.  Concrete, Particularized Injury

An injury is concrete when it has a close relationship to

a harm that is traditionally recognized as providing a basis for suit.  TransUnion LLC v. Ramirez, 594 U.S. 413, 424 (2021) (citing Spokeo I, 578 U.S. at 341).  Certain harms readily qualify as injuries under Article III.  Id. at 425.  "The most obvious are traditional tangible harms, such as physical harms and monetary harms."  Id.  If a defendant is alleged to have caused a particularized physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury-in-fact under Article III.  Id.

Various intangible harms have also been determined to be concrete for purposes of Article III standing.  See Spokeo I, 578 U.S. at 340-41.  Those harms include reputational harms, harms traceable to the disclosure of private information, and harms such as violations of an individual's right to free speech or free exercise.  TransUnion LLC, 594 U.S. at 425.

The United States Supreme Court has recently clarified that Article III standing requires a concrete injury even in the context of an alleged violation of a federal law or statute.  Spokeo I, 578 U.S. at 340.  A plaintiff does not automatically satisfy the injury-in-fact requirement whenever a plaintiff alleges that a statute grants the plaintiff a right and authorizes the plaintiff to vindicate that right.  Robins v. Spokeo, Inc. ("Spokeo II"), 867 F.3d 1108, 1112 (9th Cir. 2017); Dutta v. State Farm Mut. Auto. Ins. Co., 895 F.3d 1166, 1173-74

12

(9th Cir. 2018) (explaining that "the plausible pleading of a flat out violation of a statutory provision will not necessarily" constitute an injury-in-fact as required for Article III standing).

An injury-in-fact must be particularized in order to establish Article III standing.  An injury is particularized if it affects the plaintiff in a "personal and individual way." Spokeo I, 587 U.S. at 339.

### 2.    Actual Or Imminent Injury

An injury is actual or imminent where there is a credible threat that a harm will materialize.  Nat. Res. Def. Council v. U.S. EPA, 735 F.3d 873, 878 (9th Cir. 2013).  A plaintiff seeking injunctive relief must demonstrate a likelihood of substantial and immediate irreparable injury in order to establish standing. City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983).  An injury is generally not imminent if it is contingent on a series of future events.  FDA v. All. for Hippocratic Medicine, 602 U.S. 367, 381 (2024).  Imminence requires the injury to be "certainly impending" and allegations of theoretical future injury are not sufficient to establish standing.  Clapper, 568 U.S. at 409.

### B.    Standing: The Complaint Does Not Allege A Concrete Injury-In-Fact

The Complaint does not claim Plaintiff United States

13

suffered an injury-in-fact in the past.  Rather, the Complaint requests declaratory and injunctive relief against the State of Hawaii Defendants for an abstract, theoretical future harm.

On April 28, 2025, the State of Hawaii announced an intention to file a lawsuit against private fossil fuel entities. (Complaint at ¶ 14, ECF No. 1).  Two days after the announcement, on April 30, 2025, the United States filed the Complaint here alleging that the United States may be injured if the State of Hawaii files the lawsuit against private fossil fuel entities and prevails.

An injury-in-fact must be concrete, meaning that it must be real and not abstract.  All. for Hippocratic Medicine, 602 U.S. at 381.  The United States has not alleged a concrete injury-in-fact.  The State of Hawaii Defendants' April 28, 2025 announcement that they intended to sue private fossil fuel entities in state court does not amount to concrete harm to the United States.

### 1.    Conclusory Allegations Are Insufficient To Confer A Party With Article III Standing

The United States argues that "notice pleading" applies and that it may rely on conclusory allegations to establish standing. (See Pl.'s Supplemental Brief at p. 7, asserting "the Complaint clearly passes the low bar for notice pleading," ECF No. 40).

The threshold question of whether plaintiff has standing is

distinct from the merits of the claim.  As a result, the plausibility standard for pleading set forth in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) does not apply to a standing analysis.  Maya, 658 F.3d at 1068 (explaining that Twombly and Iqbal are ill-suited to application in the constitutional standing context).

At the pleading stage, the plaintiff must clearly allege facts demonstrating each element of standing.  Spokeo I, 578 U.S. at 338.

The Ninth Circuit Court of Appeals has clarified that a plaintiff cannot rely on legal conclusions or threadbare allegations to establish standing.  Maya, 658 F.3d at 1068 (citing Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 954-55 & n.9 (9th Cir. 2011) (en banc) and United States v. Students Challenging Regulatory Agency Procedures (SCRAP), 412 U.S. 669, 689-90 (1973)).

The Complaint's allegations here assert a legal conclusion that the United States' "sovereignty" will be injured if the State of Hawaii sues third parties in state court.  The Complaint hypothesizes that any state law tort claim would be preempted by federal law.  The Complaint also contains conclusory allegations that the State of Hawaii's announcement of an intention to file a lawsuit against third parties may affect United States commerce

15

or its energy policy.

The Complaint does not describe any concrete injury.  See Lujan I, 497 U.S. at 888.  As the State of Hawaii Defendants point out, the "United States does not identify any lessee that would avoid entering any oil or gas lease, any foreign nation that would alter its relations with the United States, or any EPA regulation that would be undermined if the State [of Hawaii] prevails."  (Motion for Judgment on the Pleadings Memo. at p. 15, ECF No. 22-1).

The United States' injury-in-fact allegations are merely legal conclusions that are not entitled to a presumption of truth at the pleading stage.  Daniel v. Nat'l Park Serv., 891 F.3d 762, 765 (9th Cir. 2018).  Plaintiff's conclusory allegations are insufficient to confer the United States with standing.  Lujan I, 497 U.S. at 888 (holding that neither conclusory allegations nor conclusory affirmations are sufficient to confer a party with standing).

### 2.    The United States' Theory Of Harm Is Speculative

The Complaint's theory of harm is premised on a yet-to-be-filed lawsuit by the State of Hawaii against private entities. The Complaint does not challenge a law or regulation that was passed by the State of Hawaii legislature.  Instead, the Complaint's theory of harm hinges on Plaintiff's attempt to

predict the State of Hawaii's litigation theories and tactics in state court.

The United States' alleged injury depends on multiple layers of unpredictable future events.  The Complaint's theory of harm requires: (1) predicting the nature of the claims brought by the State of Hawaii against unknown private fossil fuel entities; (2) predicting that the State of Hawaii will find success in litigation against the private entities; (3) guessing that such a result would cause the fossil fuel entities to react in a particular manner, and (4) hypothesizing that the reaction would ultimately negatively impact the United States' interests, including harm to its commerce and future energy policy.

The allegations of such an unpredictable chain of events are "no more than conjecture" at this time.  Lyons, 461 U.S. at 108; Lake v. Fontes, 83 F.4th 1199, 1203 (9th Cir. 2023) (explaining that conjectural allegations of potential future injuries are insufficient to establish a real and imminent threat of harm).

The United States relies on Vermont Agency of Natural Resources v. U.S. ex rel. Stevens, 529 U.S. 765, 771 (2000). Stevens does not provide support for the United States' theory for standing.  In Stevens, the United States Supreme Court ruled that a private individual could bring a qui tam action pursuant to the False Claims Act on behalf of the United States where he alleged a concrete, tangible harm to the United States.  Id. at

787-88.  The plaintiff there alleged that the Vermont Agency of Natural Resources submitted false claims to the United States Environmental Protection Agency in connection with various federal grant programs.  Id. at 770.  The allegation was that the Vermont Agency had overstated the amount of time spent by its employees on the federally funded projects and caused the United States to overpay for the projects.  Id.

The United States Supreme Court ruled that the plaintiff had standing to bring a qui tam action on behalf of the United States because he alleged an injury-in-fact.  Id.  The plaintiff in Stevens provided sufficient allegations to assert a False Claims Act violation.  The plaintiff established concrete injuries to the United States based on clear allegations that the State program defrauded the United States Environmental Protection Agency which caused monetary harm to the United States.  Id. at 771-72.

Stevens does not provide support for the United States' theory in this case.  There is no False Claims Act violation alleged here.  Unlike in Stevens, there is no past monetary injury to the United States to provide a concrete injury-in-fact.

The Complaint in this case relies on hypothetical allegations that the United States may be injured in the future. The Complaint's attempt to predict the outcome of a yet-to-be-filed lawsuit and how it could possibly injure the federal

18

government in the future is not a concrete injury-in-fact.  See
Sherwin-Williams Co. v. Cnty. of Delaware, Pa., 968 F.3d 264, 270
(3d. Cir. 2020) (finding that plaintiff lacked standing even if
plaintiff could show that a lawsuit was certainly impending,
because it failed to establish that such a lawsuit would cause a
concrete injury to its constitutional rights); see also Bates v.
Dow Agrosciences LLC, 544 U.S. 431, 445 (2005).

## IV.  ARTICLE III STANDING REQUIRES THE INJURY-IN-FACT BE CAUSED BY DEFENDANT'S CONDUCT

The Complaint alleges that the potential Hawaii State Court
lawsuit will cause the United States injury in the future.

### A.  Causation

A plaintiff must establish that the injury-in-fact was
caused or will likely be caused by the defendant's conduct.
Lujan II, 504 U.S. at 561-62.  Causation is not traceable to the
defendant when an injury is contingent upon the decisions of
multiple third party or independent actors in the casual chain.
Missouri ex rel. Koster v. Harris, 847 F.3d 646, 654 (9th Cir.
2017).

Causation cannot be too speculative or attenuated.  Clapper,
568 U.S. at 413-14.  The United States Supreme Court has
explained that it is difficult for a plaintiff to establish
standing when the complaint challenges regulation of third

parties, rather than the regulation of the plaintiff itself.  Id. The plaintiff must demonstrate that the government regulation of a third party will ultimately result in injury to the plaintiff. All. for Hippocratic Medicine, 602 U.S. at 383.

The causation requirement is central to the Article III standing analysis because without it the courts would be "virtually continuing monitors of the wisdom and soundness of government action."  Id. at 383-84.

### B.    Plaintiff's Theory Of Causation Is Premised On Unpredictable Actions By Independent, Third Parties

The Complaint here does not establish causation.  The United States merely relies on a highly attenuated chain of possibilities in its attempt to assert an injury-in-fact. Clapper, 568 U.S. at 410.

There is no basis in the Complaint to find that a potential lawsuit by the State of Hawaii against fossil fuel entities would predictably result in harm to the United States.  See Kumar v. Koester, 131 F.4th 746, 751, 753 (9th Cir. 2025).  There is no predictable causal link of injury directly to the United States. Potential litigation between the State of Hawaii and private fossil fuel entities would not require the United States to do anything or to refrain from doing anything.  See Ohio Forestry Assn., Inc. v. Sierra Club, 523 U.S. 726, 733 (1998).

The Complaint contains no timeline as to when the injury may

manifest.  It is unclear which federal government agencies may be potentially affected.  Courts cannot presume to predict how government officials might exercise their discretion in the future.  G.B. v. U.S. EPA, __ F.4th __, 2026 WL 959839, *9 (9th Cir. Apr. 9, 2026) (citing ASARCO Inc. v. Kadish, 490 U.S. 605, 614-15 (1989)).

The Complaint's theory of causation is based on a highly attenuated chain of possibilities that is dependent on decisions of third parties and independent actors.  California v. Texas, 593 U.S. 659, 680 (2021); see Dept. of Commerce v. New York, 588 U.S. 752, 768 (2019).

The United States also asserts vague theories that the State Court lawsuit may ultimately hurt consumers.  The United States' allegations based on potential harm to its citizens are similarly too abstract and conjectural to confer the United States with standing.  See Table Bluff Reservation (Wiyot Tribe) v. Philip Morris, Inc., 256 F.3d 879, 885 (9th Cir. 2001).

**V.    ARTICLE III STANDING REQUIRES THAT THE INJURY BE REDRESSABLE BY THE COURT**

Article III standing requires the plaintiff to establish that it is likely, as opposed to speculative, that a favorable decision by the court will be able to redress the injury-in-fact alleged in the complaint.  Lujan II, 504 U.S. at 561.

### A. Plaintiff Has Not Established That The Federal Court Has The Ability To Grant The Relief Requested

A plaintiff must establish standing to seek each form of relief requested in a complaint.  Town of Chester v. Laroe Ests., Inc., 581 U.S. 433, 434 (2017).  The Complaint here requests two extraordinary remedies.

First, Plaintiff requests declaratory relief.  Plaintiff requests that the Court declare that the State of Hawaii Defendants' potential state lawsuit violates the United States Constitution.  The Ninth Circuit Court of Appeals has repeatedly held that declaratory relief of that nature is not redressable absent further court action.  See Juliana v. United States, 947 F.3d 1159, 1170 (9th Cir. 2020).  A declaratory judgment may be persuasive to those whose rights are declared, but unlike an injunction, declaratory relief is not ultimately coercive and does not support a finding of redressability as required for standing.  G.B., __ F.4th __, 2026 WL 959839, at *13, n.13 (citing Steffel v. Thompson, 415 U.S. 452, 471 (1974)).

Second, Plaintiff requests injunctive relief.  The United States requests that the federal court enjoin the Hawaii State Court system from allowing a yet-to-be-filed suit against third parties to proceed.  The United States has not cited a single case where a federal court has granted injunctive relief to halt a state court lawsuit against a third party because a potential

22

jury verdict on state law tort claims could hypothetically cause the United States injury.

The State of Hawaii Defendants cite to <u>United States v. Michigan</u>,___ F.Supp.3d ___, 2026 WL 194031, \*12 (W.D. Mich. Jan. 24, 2026).  In <u>Michigan</u>, the federal district court ruled that the United States did not have standing to attempt to prevent the State from suing private fossil fuel entities in its own state court system.  <u>Id.</u>

Federal courts sitting in equity generally do not interfere with pending state court litigation.  The firmly established principle is that state and federal courts do "not interfere with or try to restrain each other's proceedings.  That rule has continued substantially unchanged to this time."  <u>Donovan v. City of Dallas</u>, 377 U.S. 408, 412 (1964).  Both the States and the Federal Government are sovereign entities and basic concerns of federalism counsel against interference by federal courts with the operation of state courts.  <u>Trainor v. Hernandez</u>, 431 U.S. 434, 441 (1977).  There is a strong, longstanding policy against federal intervention in state judicial processes.  <u>Moore v. Sims</u>, 442 U.S. 415, 423 (1979).

The United States has not demonstrated that its alleged injury-in-fact is redressable.  Principles of equity, comity, and federalism prevent a federal court from enjoining a state court proceeding when the plaintiff's sole allegations of harm are that

the state court proceeding may cause speculative, abstract injuries.  See O'Shea v. Littleton, 414 U.S. 488, 499 (1974).

**B.**   **The United States' General Objection To The State Of Hawaii's Litigation Decisions Is Not Redressable By This Court**

The United States' objection to the State of Hawaii's decision to sue third parties in Hawaii State Court is not redressable by this Court.  Under Plaintiff's theory, the United States would have standing to prevent any state court lawsuit against a private entity so long as the United States alleges that the litigation might interfere with the goals of the Executive Branch.  Such conclusory allegations are insufficient to establish standing.

Article III standing requires a concrete injury that is redressable by the Court in order to prevent a plaintiff from bringing a case where it has only a "general legal, moral, ideological, or policy objection to a particular government action."  All. for Hippocratic Medicine, 602 U.S. at 382 (citing Valley Forge Christian College v. Am. United for Separation of Church and State, Inc., 454 U.S. 464, 487 (1982)).  The Court cannot issue advisory opinions about speculative harm.  Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 241 (1937) (explaining that federal courts may not issue opinions advising what the law would be based upon hypothetical facts).

24

The United States' abstract, theoretical concerns do not satisfy the concrete harm requirement for Article III standing. Pierce v. Ducey, 965 F.3d 1085, 1089 (9th Cir. 2020).  A plaintiff's interest in seeing that the law is obeyed is not concrete.  Id. (citing FEC v. Akins, 524 U.S. 11, 24 (1998)).

The United States has failed to meet its burden to establish standing.  Spokeo I, 578 U.S. at 338.  The Court does not address the State of Hawaii Defendants' arguments related to Younger abstention because the Court finds that the United States lacks standing.

Defendants' Motion for Judgment on the Pleadings (ECF No. 22) is **GRANTED.**

## VI.   POST-FILING EVENTS DO NOT AFFECT THE COURT'S STANDING ANALYSIS

As explained above, the existence of standing turns on the facts as they existed at the time the plaintiff filed the complaint.  Skaff, 506 F.3d at 838.  Post-filing events may implicate the related doctrines of mootness or ripeness but generally do not affect standing at the time the complaint was filed.  Clark v. City of Lakewood, 259 F.3d 996, 1006 (9th Cir. 2001); see San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of the Interior, 905 F.Supp.2d 1158, 1169 (E.D. Cal. 2012).

### A.      The United States Relies On Post-Filing Events In Its Opposition To Defendants' Motion For Judgment On The Pleadings

On April 28, 2025, the State of Hawaii announced its intention to file a lawsuit against private fossil fuel entities. The Complaint before the Court here was filed on April 30, 2025. (ECF No. 1).  The following day, on May 1, 2025, the State of Hawaii filed a lawsuit in the Circuit Court of the First Circuit, State of Hawaii, against various private fossil fuel entities. See State of Hawaii, ex rel. Anne E. Lopez, Attorney General v. BP P.L.C., et al., 1CCV-25-0000717.

The State of Hawaii Defendants filed their Motion for Judgment on the Pleadings on July 25, 2025.  (ECF No. 22).

Plaintiff's Opposition was filed on September 24, 2025. (ECF No. 29).  The United States' Opposition repeatedly refers to the May 1, 2025 State Court Complaint.  (See Pl.'s Opp. at pp. 5, 7-16, ECF No. 29).

Plaintiff's reliance on the State Court Complaint is misplaced.  It is well-established that post-filing events that did not exist at the time of the filing of the complaint must be disregarded for purposes of analyzing standing.  Clark, 259 F.3d at 1006.  An injury that has not yet happened cannot be part of the legal harm alleged in the complaint.  Id.; see 13A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3531 (4th ed. 2008).  A court must dismiss a complaint if the

26

plaintiff lacked Article III standing at the time the complaint was filed.  Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).

**B.    Plaintiff Declined The Opportunity For Leave To Amend The Complaint**

On February 11, 2026, the Court ordered additional briefing on the issues raised in the filings related to the Defendants' Motion.  (Minute Order dated Feb. 11, 2026, ECF No. 39).  The Court specifically inquired if the United States would seek leave to amend the Complaint given that Plaintiff's Opposition repeatedly relied on the May 1, 2025 State Court Complaint. (Id.)

Plaintiff was clearly aware of the contents of the May 1, 2025 State Court Complaint when it filed its Supplemental Brief on February 25, 2026, and declined the opportunity for leave to amend its Federal Court Complaint.  (Pl. Supp. Brief at p. 6-10, ECF No. 40).

A District Court generally affords a plaintiff leave to amend when a defendant successfully challenges a plaintiff's standing at the pleading stage.  See Warth, 422 U.S. at 501. Here, Plaintiff has declined to the opportunity to amend its Complaint.  There is no basis to provide Plaintiff with another opportunity for leave to amend.  See G.B., __ F.4th __, 2026 WL 959839, at *14-*15.

27

**C.    The May 1, 2025 State Court Complaint Does Not Alter
The Standing Analysis**

The Court considers the United States' reliance on the May 1, 2025 State Court Complaint for purposes of completeness and to avoid additional litigation.  Even if considered, the May 1, 2025 Hawaii State Court Complaint does not provide Plaintiff United States with standing in this case.

First, the United States' Complaint attempted to predict the nature of the State of Hawaii's lawsuit against private fossil fuel entities.  The United States predicted that the Defendants' State Court Action would attempt to regulate greenhouse gases and interstate pollution.  The Hawaii State Court Complaint, however, brings various Hawaii state law tort claims that center on advertising injuries.  Specifically, the State Court Complaint alleges tortious and deceptive conduct against fossil fuel entities in marketing their products.

The State of Hawaii's Complaint relies on a decision from the Hawaii Supreme Court in City & Cnty. of Honolulu v. Sunoco LP, 537 P.3d 1173, 1193 (Haw. 2023), cert. denied, 145 S.Ct. 1111 (2025).  In Sunoco LP, the Hawaii Supreme Court ruled that a lawsuit brought by the City and County of Honolulu against oil and gas companies alleging various Hawaii state law tort claims arising from the entities' alleged deceptive marketing about the dangers and environmental impact of using fossil fuel products

28

"does not seek to regulate emissions or curb energy production." Id.

The allegations in the United States' Complaint here did not correctly predict the nature of the state law tort claims alleged against the fossil fuel entities.  The actual causes of action in the Hawaii State Court Complaint do not provide any support for this Court to find that the United States has standing in this case.

Second, even considering the May 1, 2025 State Court lawsuit, Plaintiff United States' standing argument remains speculative, attenuated, and based on conjecture.  The fact the lawsuit was actually filed does not alter the Court's evaluation. Plaintiff United States' theory of harm is based on a series of abstract harms and contingencies about hypothetical actions third parties may take if the State of Hawaii is ultimately successful in the state tort lawsuit.  The long chain of contingencies is too speculative and attenuated to establish Article III standing. All. for Hippocratic Medicine, 602 U.S. at 383; Clapper, 568 U.S. at 413.  Plaintiff has failed to articulate a concrete injury-in-fact caused by the State of Hawaii Defendants that is redressable by this Court.

The Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE.**

29

### CONCLUSION

Defendants State of Hawaii, Governor Green, and Attorney General Lopez's Motion for Judgment on the Pleadings (ECF No. 22) is **GRANTED.**

The Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE.**

The Clerk of Court is **ORDERED** to enter Judgment in favor of the Defendants and to **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: April 15, 2026, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States of America v. State of Hawaii; Joshua Booth Green, Governor of the State of Hawaii, in his official capacity; Anne E. Lopez, in her official capacity as Attorney General of the State of Hawaii, Civ. No. 25-00179 HG-WRP; **ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 22)**

30