ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
JUSTIN D. HEMINGER
*Acting Deputy Assistant Attorney General* (D.C. Bar No. 974809)
United States Department of Justice
Environment and Natural Resources Division
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 598-5396
Email: justin.heminger@usdoj.gov

Attorneys for Plaintiff United States of America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>        v.<br><br>STATE OF HAWAII; JOSHUA BOOTH GREEN, Governor of Hawaii, in his official capacity; and ANNE E. LOPEZ, in her official capacity as Hawaii Attorney General,<br><br>    *Defendants*. | No. 1:25-cv-00179-HG-WRP<br><br>**PLAINTIFF UNITED STATES' MOTION TO ALTER OR AMEND THE JUDGMENT**<br><br>Judge: Hon. Helen Gillmor |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................. ii

INTRODUCTION ........................................................................................1

BACKGROUND .........................................................................................2

LEGAL STANDARD...................................................................................4

ARGUMENT ..............................................................................................4

I.      The Court should grant the United States leave to file a
        supplemental complaint..................................................................4

II.     The Court alternatively should correct a manifest error by
        altering the final judgment to be a dismissal *without* prejudice......................9

CONCLUSION...........................................................................................10

CERTIFICATE OF COMPLIANCE..................................................................12

EXHIBIT A:   Declaration of EPA Assistant Administrator Aaron Szabo in Support of the United States' Motion for a Preliminary Injunction, Dkt. 13, *United States v. Minnesota*, 26-cv-02456-SRN-DLM (D. Minn. May 11, 2026)

EXHIBIT B:   Declaration of Christopher Landau, Deputy Secretary of State of the United States of America, Dkt. 12, *United States v. Minnesota*, 26-cv-02456-SRN-DLM (D. Minn. May 11, 2026)

i

# TABLE OF AUTHORITIES

## Cases

*Barke v. Banks*, 25 F.4th 714 (9th Cir. 2022) .......................................................5, 9

*Federal Election Comm'n v. Cruz*,
    596 U.S. 289 (2022)...........................................................................................8

*Foothills Christian Ministries v. Johnson*,
    148 F.4th 1040 (9th Cir. 2025)..........................................................................9

*Hampton v. Pacific Investment Mgmt. Co. LLC*,
    869 F.3d 844 (9th Cir. 2017) .............................................................................9

*Missouri ex rel. Koster v. Harris*,
    847 F.3d 646 (9th Cir. 2017) ....................................................................6, 7, 9

*Northstar Financial Advisors Inc. v. Schwab Investments*,
    779 F.3d 1036 (9th Cir. 2015) ..........................................................................8

*Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*,
    368 F.3d 1053 (9th Cir. 2004) ..........................................................................6

*Turner v. Burlington N. Santa Fe R. Co.*,
    338 F.3d 1058 (9th Cir. 2003) ..........................................................................4

## Court Rules and Other Authority

Fed. R. Civ. P. 15(a).................................................................................................5, 8

Fed. R. Civ. P. 15(d) ................................................................................................5, 8

Fed. R. Civ. P. 59(e)....................................................................................................4

Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d
    § 1505 .................................................................................................................8

**INTRODUCTION**

The Court should alter or amend final judgment in this case for two reasons. *First*, the final judgment deprived the United States of a fair opportunity to correct its complaint to address the jurisdictional deficiency identified by the Court. And the Court's stated reason for denying such leave appears to rest on the United States' apparent misunderstanding about a supplemental question from the Court. When the Court asked about leave to amend, the United States answered based on the circumstances at that time, *before* the Court provided its reasoning in support of dismissing the complaint. The United States would have answered differently if it understood the question to be whether the United States would seek leave to amend or supplement its complaint if the Court were to dismiss for lack of standing. And here, a supplemental pleading would be the appropriate procedural mechanism for the United States to respond to the Court's dismissal decision.

*Second*, at a bare minimum, the final judgment should be amended to correct a reversible error. Under Ninth Circuit precedent, a complaint dismissed for lack of subject matter jurisdiction should be dismissed *without* prejudice. The final judgment departed from that rule by dismissing the United States' complaint *with* prejudice. Though it would be more efficient to allow a supplemental complaint, the Court should at least alter the final judgment to be a dismissal *without* prejudice. Dismissal

1

without prejudice will allow the United States to initiate a new lawsuit with a revised complaint further supporting its standing.

In sum, the Court should amend the final judgment to grant the United States leave to file a supplemental complaint against Hawaii that addresses the Court's reasons for dismissal. But if the Court declines that request, the Court should alter the final judgment to dismiss the case without prejudice.

Under Local Rule 7.8, this Motion is made after the conference of counsel on May 5, 2026. Counsel were unable to reach a resolution that would obviate the need for this Motion, and counsel for the United States understands that Hawaii opposes the requested relief.

## BACKGROUND

On April 30, 2025, the United States sued Hawaii. Compl. ¶ 7, ECF 1. The United States alleged that its sovereign, proprietary, and parens patriae interests were injured by Hawaii's anticipated state court claims against energy companies. *Id*. ¶¶ 7, 15-17, 28-40. The United States asserted claims under the U.S. Constitution and the Clean Air Act. *Id*. ¶¶ 28-88. The next day, Hawaii filed the State Court Action. ECF 22-2. Then in this case, Hawaii filed its Answer, ECF 19, and moved for judgment on the pleadings. ECF 22.

The United States requested a hearing on Hawaii's motion, which the Court scheduled for January 27, 2026. ECF 35. But on January 22, 2026, five days before

2

the scheduled hearing, the Court canceled it and directed the parties to address five supplemental questions. ECF 39.

One of those questions was, "Is The Plaintiff United States of America Seeking Leave to Amend The April 30, 2025 Complaint?" *Id*. at 1. The Court further directed that the United States "shall address the question of leave to amend the Complaint or why it believes amendment is not necessary to address the issues raised in the Defendants' Motion for Judgment on the Pleadings." *Id*. at 2. The United States responded to that question by asserting that no amendment to the complaint was necessary because the complaint adequately alleged standing. ECF 40 at 1-5.

Then the Court dismissed the complaint with prejudice for lack of standing. ECF 43. Though recognizing that a district court "generally affords a plaintiff leave to amend when a defendant successfully challenges a plaintiff's standing at the pleading stage," the Court stated that the United States had "declined [] the opportunity to amend its Complaint," so "[t]here is no basis to provide [the United States] with another opportunity for leave to amend." *Id*. at 27 (citations omitted). The final judgment did not grant the United States leave to amend or to file a supplemental complaint.

3

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) grants the Court "considerable discretion" when considering a motion to alter or amend a judgment. *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based"; (2) the moving party presents "newly discovered or previously unavailable evidence"; (3) the motion is necessary to "prevent manifest injustice;" or (4) there is an "intervening change in controlling law." *Id*. (cleaned up). A Rule 59(e) motion must be filed "within 28 days." Fed. R. Civ. P. 59(e).

## ARGUMENT

The Court should amend the final judgment to grant the United States leave to file a supplemental complaint that cures the standing defect identified by the Court. Alternatively, the Court should alter the final judgment to correct a manifest error of law because any dismissal of the complaint should have been *without* prejudice.

I.    **The Court should grant the United States leave to file a supplemental complaint.**

The Court should amend the final judgment to grant the United States leave to file a supplemental complaint. Though in most cases, the Court should liberally

4

grant leave to amend the complaint under Rule 15(a), the better course here is to grant leave to supplement under Rule 15(d).

Under Rule 15(a), it is "black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint," although that presumption can be overcome where there has been a "clear showing that amendment would be futile." *Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) (cleaned up). This Court recognized this rule when it observed that a district court "generally affords a plaintiff leave to amend when a defendant successfully challenges a plaintiff's standing at the pleading stage." ECF 43 at 27. Likewise, Rule 15(d) authorizes the Court, on "motion and reasonable notice" and "just terms," to permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

The Court's denial of leave to amend appears to be based on the United States' misunderstanding of the Court's supplemental question. The supplemental question was: "Is The Plaintiff United States of America Seeking Leave to Amend The April 30, 2025 Complaint?" Minute Order, ECF 39 at 1. The Court further directed that the United States "shall address the question of leave to amend the Complaint or why it believes amendment is not necessary to address the issues raised in the Defendants' Motion for Judgment on the Pleadings." *Id*. at 2. The United States re-

5

sponded to that question by asserting that no amendment to the complaint was necessary because the complaint adequately alleged standing. ECF 40 at 1-5. The United States answered the question based on its understanding that the Court had not yet decided whether to dismiss the complaint, much less the basis on which it would dismiss the complaint.

The dismissal decision states that the United States "declined [] the opportunity to amend its Complaint." ECF 43 at 27. But the United States had explained that amendment was not necessary, and it did so because the Court had not ruled on Hawaii's motion for judgment on the pleadings. By contrast, if the Court's supplemental question had been, "Does the United States intend to seek leave to amend if the Court dismisses the complaint for lack of standing," the answer from the United States would have been, "Yes."

The Ninth Circuit has held that a dismissal without leave to amend is "improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Thus, a district court "does not err in denying leave to amend where the amendment would be futile." *Missouri*, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). But the decision here did not refuse leave to amend on futility grounds. The only reason given was that the United States had

6

declined the opportunity to amend its complaint—which, again, stems from the United States' apparent misunderstanding of the Court's question.

Nor would amendment be futile. The United States is prepared to file a revised complaint that articulates in greater detail the specific injuries caused by Hawaii's State Action. To that end, the United States recently sought a preliminary injunction in a case against Minnesota in which it introduced evidence of harm to the United States caused by a lawsuit like Hawaii's State Action. *See* Ex. A, Declaration of EPA Assistant Administrator Aaron Szabo in Support of the United States' Motion for a Preliminary Injunction, Dkt. 13, *United States v. Minnesota*, 26-cv-02456-SRN-DLM (D. Minn. May 11, 2026) (Szabo Decl.) (identifying harms to EPA caused by Minnesota's lawsuit against energy companies); Ex. B, Declaration of Christopher Landau, Deputy Secretary of State of the United States of America, Dkt. 12, *United States v. Minnesota*, 26-cv-02456-SRN-DLM (D. Minn. May 11, 2026) (Landau Decl.) (identifying harms to United States' foreign policy caused by Minnesota's lawsuit against energy companies). So here, the United States can plead allegations more detailed than those in the complaint to flesh out the harms caused by Hawaii's State Action.

To be sure, Hawaii may object that amendment would still be futile because the United States filed its complaint the day *before* Hawaii filed the State Action, and standing is measured at the time the complaint is filed. *See Missouri*, 847 F.3d

7

at 656 ("First, Plaintiffs cannot satisfy the requirements of standing by adding events that have occurred after the Shell Egg Laws took effect."). But as the Ninth Circuit has explained, the proper way to eliminate any concern along those lines is to allow a supplemental pleading under Rule 15(d), rather than amendment under Rule 15(a). *Northstar Financial Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1043-48 (9th Cir. 2015). Allowing a supplemental pleading to correct a defective complaint "circumvents 'the needless formality and expense of instituting a new action when events occurring after the original filing indicated a right to relief.'" *Id.* at 1044 (quoting Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 1505, pgs. 262-63).

This is such a case. The day after the United States filed its complaint, Hawaii filed the State Action. That state court suit raises legal claims that the United States will allege in its supplemental complaint are preempted by federal law. For purposes of standing, this Court must accept the United States' legal premise. *See Federal Election Comm'n v. Cruz*, 596 U.S. 289, 298 (2022) (accepting the merits of plaintiffs' legal claims for standing purposes). And the United States is prepared to demonstrate not only that Hawaii's prosecution of preempted state law claims against the defendant energy producers effects an injury to federal sovereignty, Comp. ¶ 7, but also that it conflicts with the United States' administration of the

8

Clean Air Act, Szabo Decl. ¶¶ 17-27, and the exercise of its foreign affairs powers, Landau Decl. ¶¶ 16-23.

In sum, granting the United States leave to file a supplemental complaint would be an efficient path forward and would give the United States a fair chance to respond to the Court's dismissal decision.

**II.     The Court alternatively should correct a manifest error by altering the final judgment to be a dismissal *without* prejudice.**

If the Court declines to allow filing a supplemental complaint, the Court should, at a minimum, alter the final judgment to be a dismissal *without* prejudice. "In general, dismissal for lack of subject matter jurisdiction is without prejudice." *Missouri*, 847 F.3d at 656. A dismissal for lack of subject matter jurisdiction "must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case." *Hampton v. Pacific Investment Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017).

This rule applies equally to "dismissals for lack of Article III jurisdiction," which "must be entered without prejudice because a court that lacks jurisdiction is powerless to reach the merits." *Barke*, 25 F.4th at 721 (cleaned up). So when a district court dismisses a complaint for lack of standing *with* prejudice, the Ninth Circuit has remanded to the district court with instructions to dismiss *without* prejudice. *Id.* at 721-22; *see also, e.g.*, *Missouri*, 847 F.3d at 656; *Foothills Christian Ministries v. Johnson*, 148 F.4th 1040, 1050 n.4 (9th Cir. 2025), petition for writ of certiorari filed

Jan. 7, 2026 (indicating that the district court, which had dismissed with prejudice a claim due to lack of standing, should on remand amend its judgment to be a dismissal without prejudice).

The final judgment in this case deviated from the Ninth Circuit's rule. Despite the Court's holding that the United States lacked standing to sue Hawaii, the Court dismissed the complaint *with* prejudice. ECF 43 at 30 (order granting judgment on the pleadings); ECF 44 (final judgment).

The Court should correct this manifest error by altering (or amending) the final judgment to be a dismissal *without* prejudice. This will allow the United States to respond to the Court's decision by refiling its lawsuit with more detailed allegations supporting its standing.

## CONCLUSION

The Court should alter or amend the final judgment either (1) to grant leave to file a supplemental complaint, or (2) to dismiss the complaint without prejudice.

10

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

/s/ *Justin D. Heminger*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
JUSTIN D. HEMINGER
*Acting Deputy Assistant Attorney General*
Environment and Natural Resources Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 598-5396
Email: justin.heminger@usdoj.gov

May 13, 2026

11

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of LR 7.4(b) because, excluding the parts of the document exempted by the rule, this document contains 2,259 words, according to the count of Microsoft Word.

/s/ *Justin D. Heminger*
JUSTIN D. HEMINGER

Counsel for the United States

12