# MINUTE ORDER

CASE NUMBER:       25-CV-00179 HG-WRP

CASE NAME:         United States of America v. State of
                   Hawaii; Joshua Booth Green, Governor of
                   Hawaii, in his official capacity; Anne E.
                   Lopez, in her official capacity as Hawaii
                   Attorney General

ATTY FOR PLA:      Justin D. Heminger

ATTYS FOR          Kalikoonalani Diara Fernandes
DEFTS:             Caitlyn B. Carpenter
                   Lauren K. Chun
                   Thomas J. Hughes

---

JUDGE:   Helen Gillmor

DATE:    July 2, 2026

---

## I.   Procedural History

On April 15, 2026, the Court issued an ORDER GRANTING
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS.  (ECF No.
43).

Also on April 15, 2026, Judgment was entered.  (ECF No. 44).
The case was dismissed with prejudice.

On May 13, 2026, Plaintiff United State of America filed:

    PLAINTIFF UNITED STATES' MOTION TO ALTER OR AMEND
    THE JUDGMENT.  (ECF No. 46).

On June 12, 2026, Defendants filed their Response.  (ECF No.
48).

On June 29, 2026, Plaintiff filed its Reply.  (ECF No. 49).

## II.  Standard Of Review

A motion for reconsideration filed within twenty-eight days
of entry of judgment is considered a motion filed pursuant
to Federal Rule of Civil Procedure 59(e).  Rishor v.

1

Ferguson, 822 F.3d 482, 489-90 (9th Cir. 2016).

The Ninth Circuit Court of Appeals has set forth the following grounds justifying reconsideration pursuant to Rule 59(e):

> (1)  If such motion is necessary to correct manifest errors of law or fact upon which the judgment rests;
>
> (2)  If such motion is necessary to present newly discovered or previously unavailable evidence;
>
> (3)  If such motion is necessary to prevent manifest injustice; or,
>
> (4)  If an amendment to the judgment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).

There may also be other, highly unusual, circumstances warranting reconsideration. Sch. Dist. No. 1J, Multnomah Cnt., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The decision to grant reconsideration is committed to the sound discretion of the district court. Navajo Nation v. Confederated Tribes and Banks of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

## III. Analysis

Plaintiff requests reconsideration of the April 15, 2026 Judgment on two alternative bases. Plaintiff requests that the Court either: (1) vacate the April 15, 2026 Judgment and grant it leave to amend the Complaint; or (2) in the alternative, amend the Judgment and dismiss the case without prejudice. (Id.)

### A.   Plaintiff's Request For Leave to Amend Is Denied

Plaintiff has not established a basis for reconsideration of the Court's April 15, 2026 Order denying leave to amend. Plaintiff does not identify any newly discovered evidence, clear error, or change in law that would justify

reconsideration.  <u>Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.</u>, 979 F.3d 1209, 1218 (9th Cir. 2020).

Plaintiff puts forward Declarations that were filed in the lawsuit <u>United States v. Minnesota</u>, <u>26-cv-02456 SRN-DLM</u> (D. Minn. May 11, 2026).  The "failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'"  <u>Sch. Dist. No. 1J, Multnomah Cnty., Or.</u>, 5 F.3d at 1263.  The Declarations are not "newly discovered evidence" and do not alter the Court's standing analysis.  <u>Wallis v. J.R. Simplot Co.</u>, 26 F.3d 885, 892 n.6 (9th Cir. 1994); <u>QBE Speciality Ins. Co. v. Uchiyama</u>, 22-cv-00450 SOM-KJM, 2024 WL 4267595, at *3 (D. Haw. Sept. 23, 2024) (explaining that Rule 59(e) motions cannot be based on "matters already available or known to the party submitting them as new evidence").

Even if considered, the Declarations do not contain information that would alter the Court's analysis that Plaintiff lacks standing.  <u>G.B. v. U.S. E.P.A.</u>, 172 F.4th 1042, 1065 (9th Cir. 2026) (explaining that futility of amendment, by itself, justifies the denial of leave to amend).

### B.   The Case Is Dismissed Without Prejudice

Pursuant to the Parties' agreement and the holding in <u>Missouri ex rel. Koster v. Harris</u>, 847 F.3d 646, 656 (9th Cir. 2017), the April 15, 2026 Judgment is amended to dismiss the case without prejudice.

PLAINTIFF UNITED STATES' MOTION TO ALTER OR AMEND THE JUDGMENT (ECF No. 46) is **GRANTED, IN PART, AND DENIED, IN PART**.

The Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **ORDERED** to issue an Amended Judgment in favor of the Defendants and to **CLOSE THE CASE**.

Submitted by: Renee L.F. Honda, Courtroom Manager

3